# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEE DANSBY, <br> AIS 168953, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| vs. | ) | CA 17-0441-KD-MU |
| WARDEN ESTES, | ) <br> ) <br> ) | |
| Respondent. | ) | |

## REPORT AND RECOMMEDATION

Jerry Lee Dansby, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 6.) This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period contained in 28 U.S.C. § 2244(d).[1]

## PROCEDURAL HISTORY

Dansby entered a guilty plea and was convicted of murder and robbery in the Circuit Court of Marengo County, Alabama in 1992. (Doc. 6 at p. 2). He was sentenced to a life sentence without the possibility of parole. (*Id*). Dansby did not appeal his conviction. (*Id*. at p. 3). Prior to the instant petition, Dansby has never filed a Rule 32

---

[1] In light of the Court's ruling, Dansby's Motion to Proceed Without Prepayment of Fees (Doc. 7) is moot.

petition or any other petition, application, or motion challenging his conviction or sentence. (*Id*.). On September 7, 2017, twenty-five years after his conviction, Dansby filed this § 2254 petition challenging his 1992 conviction and sentence. (Doc. 1).

## **PETITIONER'S CLAIMS**

In his petition, Dansby raises several claims. First, he claims that his conviction was obtained by a plea of guilty which was not made with an understanding of the consequences of the plea. (Doc. 6 at p. 6). Second, he claims that his conviction was obtained by use of a coerced confession because no Miranda warning was given, by use of promises about the time he would receive, and by threats from federal investigators. (Doc. 6 at p. 7). Third, he claims that his conviction was obtained by a violation of the privilege against self-incrimination because no Miranda warning was given and he was not told that he could have his lawyer present at the time he gave his statement. (Doc. 6 at p. 8). Fourth, he claims that he was denied effective assistance of counsel because his lawyer told him that he couldn't appeal his sentence. (Doc. 6 at p. 8). Finally, he claims that the trial court was without jurisdiction to sentence him as a habitual felony offender after his guilty plea. (Doc. 6 at p. 9).

Dansby contends that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition because his lawyer at the time told him that he could not appeal his conviction and he did not understand the law until he learned to read better and started going to the prison law library. (Doc. 6 at p. 12). He claims that he never had a chance to refute the claims or to prove that his constitutional rights were violated. (*Id*.). He argues that there should not be a time limitation "when your [sic] fighting for your freedom" and that every person has a right to fight their

conviction and a right to trial by jury. (*Id*.). On October 24, 2017, this Court entered an order advising Dansby that his claim appeared to be barred by the statute of limitations and giving him an opportunity to show cause why his case should not be recommended for dismissal. (Doc. 8). On November 9, 2017, Dansby filed a response to the show cause order, but did not include any additional facts or law supporting his position that the statute of limitation should be equitably tolled. (Doc. 9).

## **CONCLUSIONS OF LAW**

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Sec'y for the Dep't of Corr.,* 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that "the district court possessed the discretion to raise *sua sponte* the timeliness issue"); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) (finding that "[e]ven though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case"). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review[.]" "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085 (2000). Dansby's conviction became final in 1992, prior to the effective date of the AEDPA; therefore, his one-year limitations period under §2244(d)(1)(A) began to run on April 24, 1996 and expired well before

4

2017. None of the other tolling provisions in § 2254(d)(1) excuses his twenty-four year delay in filing for relief before this Court. His § 2254 petition in this Court is, thus, not timely under § 2244(d)(1). Because he did not file a Rule 32 petition or any other petition or motion seeking review of his conviction, the tolling provision contained in § 2244(d)(2) is not applicable.

Thus, the only avenue by which this Court can consider the merits of the instant § 2254 petition is by finding that Dansby is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crimes for which he was convicted in 1992. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"

5

*Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision is not equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.").

Dansby has not established that the instant habeas corpus petition was timely filed nor has he established the existence of extraordinary circumstances and due diligence that would equitably toll the one-year limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (holding that "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner"). Dansby contends that the one-year statute of limitations does not bar his habeas corpus petition because his lawyer at the time told him that he could not appeal his conviction and he did not understand the law until he learned to read better and started going to the prison law library. Contrary to Dansby's argument, however, it is well-established that "an inmate's lack of legal knowledge, his failure to understand legal principles, and his inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Greenwood v. Mosley*, No. 2:07-CV-407-WKW, 2008 WL 5427590, *3 (M.D. Ala. Dec. 30, 2008) (citing

*United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (*pro se* status and ignorance of the law are insufficient to support equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (*pro se* status throughout most of the limitations period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling)). *See also Moore v. Frazier,* 605 F. App'x 863, 868 (11th Cir. 2015) ("We have stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' . . . And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion."); *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (finding that "[a]n inability to understand English does not constitute extraordinary circumstances justifying equitable tolling," nor does "[t]he lack of a legal education, the absence of legal counsel in this collateral context, [or] the resulting consequence of reliance upon a bilingual inmate law clerk"); *Terry v. Hurley,* 2014 WL 1660708, at *2 (M.D. Ala. Mar. 10, 2014) ("[I]t is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."). "Equitable tolling is an extraordinary

remedy that is limited to rare, exceptional circumstances." *DeLeon*, 470 F. App'x at 734. In this case, the circumstances described by Dansby do not rise to the level of extraordinary circumstances sufficient to warrant equitable tolling of the limitation period for twenty-four years.

Dansby has also failed to show that he "exercised reasonable diligence in investigating and bringing [the] claims" challenging his conviction until twenty-five years after the conviction. *See Miller*, 145 F.3d at 618-19; *see also Diaz,* 362 F.3d at 702 ("In this case, Diaz cannot show due diligence. After waiting 258 days to file his initial federal habeas petition, he waited another 274 days before filing his second federal petition after his motion for rehearing of his state habeas petition was denied. Without considering the time that the initial federal habeas petition was pending or the time that the state collateral proceedings were pending, the two foregoing delays total 532 days, exceeding Diaz's one-year time limitation by 167 days. Diaz offers no excuse for this delay. Thus, this delay alone constitutes a lack of due diligence and disentitles Diaz to equitable tolling.") (internal footnotes omitted). Dansby has not shown that he acted with reasonable diligence in pursuing his alleged claims. "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.), *cert. denied sub nom. San Martin v. Tucker*, 565 U.S. 843 (2011).

A federal court can also consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin*, 633 F.3d at 1268 ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."). Dansby has not explicitly claimed actual

innocence and has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. (Doc. 6). In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Here, Dansby has offered no new evidence establishing his actual (factual) innocence of the crimes for which he pleaded guilty.

In short, this Court concludes that Dansby's lack of due diligence resulted in filing the petition far too late. This is not one of those rare cases in which principles of equitable tolling can save Dansby's petition from AEDPA's one-year limitations period, nor has he established his actual innocence of the offenses for which he was convicted. Thus, the undersigned recommends that the §2254 petition filed by Dansby on September 7, 2017, which challenges his 1992 conviction and sentence, be dismissed because it is time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hammond should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to

the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Jerry Lee Dansby, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Dansby is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **March, 2018**.

> s/P. BRADLEY MURRAY
> **UNITED STATES MAGISTRATE JUDGE**